## McLENNAN COUNTY v. JOHN N. GRAVES ET AL. AND J. L. NOBLE, SHERIFF.

Decided March 2, 1901.

**1.—Sheriff's Sale of Real Estate—Costs and Commission.**

Where a vendor's lien was foreclosed on land and the judgment directed that it should be sold in parcels as under execution, the sheriff was entitled to tax his commissions upon a basis of as many sales as there were separate purchasers, instead of taxing them as if there had been but one sale in bulk for the total amount realized. See note at end of the opinion for ruling of the Supreme Court on this point.

**2.—Same—County School Land.**

Where a county foreclosed its vendor's lien on land that had been granted it for county school purposes, and the lands were sold under execution, the sheriff was entitled to retain the costs of suit and his commissions for making sale out

of the proceeds, although such proceeds belonged to the permanent public school fund of the county.

**3.—Taxation of Costs—Motion to Retax.**

It is immaterial that a motion to retax costs is based on a statute which does not authorize such a taxation as is finally claimed on its hearing, where a later statute does so authorize. See a proper taxation, under the Act of June 16, 1897, of the sheriff's commissions on a sale of real estate sold in parcels.

**4.—Same—Transcript on Appeal—Superfluous Matter.**

Where the transcript on appeal contains fifty pages of matter wholly unnecessary and immaterial, the clerk's cost of transcribing the same will, on appellee's motion to retax the costs, be taxed against the appellant, irrespective of the disposition of the appeal.

**5.—Same—Fees of District Clerk.**

The clerk of the district court can not charge exceeding 10 cents per hundred words for making transcripts on appeal in civil cases. Section 22, Act of June 16, 1897.

Appeal from Eastland. Tried below before Hon. N. R. Lindsey.

*A. C. Prendergast* and *William M. Sleeper,* for appellant.

*J. R. Frost* and *Theodore Mack,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This is a motion made in the District Court of Eastland County on December 22, 1899, to retax the costs in this case, after the term at which the judgment was rendered, and to compel the sheriff to pay over the gross proceeds of the sale of the McLennan County school land to the appellant. On June 30, 1898, appellant, McLennan County, recovered a personal judgment against John N. Graves for $25,065.16, together with 8 per cent interest per annum thereon and costs, and foreclosed its vendor's lien on the land particularly described in said judgment, and said judgment directed the clerk of said court to "issue an order of sale to the sheriff or any constable of Eastland County, directing him to seize and sell the same [said land] as under execution in satisfaction of this judgment against Graves; * * * and upon the motion of the defendant Graves, which is assented to by the plaintiff and defendants, it is further ordered that said lands so above foreclosed upon be sold in parcels, according to the subdivision thereof, as shown by the maps and plats thereof attached to plaintiff's pleadings herein, selling first in such parcels all the land which has not been sold by Mary A. Newcomb, her executor, I. N. Leeper, or the defendant Graves, and thereafter to sell the land, which has been sold as follows: To C. F. Jones, lot 25, league 1, sold October 17, 1891; J. A. Moseley, lot 24, league 1, of same date; C. Brashear, lot 39, leagues 3 and 4, sold same date; and E. S. Stanfield, lot 20, league 1, sold March 21, 1886; and F. M. Bourland, lot 41, leagues 3 and 4, sold same date; and that said lots just described be sold in the order named." The decree failed to direct how the proceeds should be applied. On June 24, 1899, an order of sale was issued on said decree, and levy made thereunder on all the lands described, when for want of time it was returned, and a venditioni

exponas issued on September 14, 1899, under which the sales were made. The return on this writ is as follows: "And afterwards, on the 20th day of September, 1899, I advertised the same for sale at the courthouse door of Eastland County, Texas, on the 7th day of November, 1899, the same being the first Tuesday of said month, by written notices posted for twenty days successively next before the day of sale, at three public places in the county of Eastland, one of which was at the courthouse door of said county;" and by mailing and delivering to said Graves and the other defendants and their attorneys the proper notices of said sale. The return of the officer then proceeds: "And on said 7th day of November, 1899, between the hours of 10 o'clock a. m. and 4 p. m., at the courthouse door of said Eastland County, in pursuance to said advertisement, sold said property at public auction, in parcels, to the following named parties, to wit." The return then shows that he sold to McLennan County fifty-six parcels, naming and identifying them; "being all lands mentioned in said order of sale except the hereinafter named tracts, sold to other parties; and the same was struck off to McLennan County for the gross sum of $16,943, that being the highest bid for the same; and said McLennan County having paid the said sum of $16,943, so bid by it, I executed a deed for said property so sold to it." The said return then further shows that N. M. Bolinger bid in two lots of said land for $200; Ed F. Blackwell, one lot for $350; A. J. Blackwell, one lot for $500; J. A. Moseley, one lot for $580; and F. M. Bourland, one lot for $43; and that he made separate deeds to the said five several persons for the respective lots bought by them. The return of the sheriff then proceeds:

"All of said sales amounting in all to the total sum of $19,003; and after satisfying the sheriff's cost accruing under this writ, amounting to the sum of $638.15, an itemized bill of which appears below, and the further sum of $757.49 original court costs, the remainder, being the sum of $17,607.36, was paid over to McLennan County, whose receipt for the same is herewith presented, and this writ is hereby returned on this the 10th day of November, A. D. 1899.

"SHERIFF'S FEES.

| | |
|---|---:|
| Levying .................................................$ | 1.50 |
| Advertising ............................................ | 1.00 |
| Serving 41 notices ..................................... | 41.00 |
| Commissions ........................................... | 571.90 |
| Making six deeds ...................................... | 12.00 |
| Writ of possession .................................... | |
| Return writ ............................. ............. | .75 |
| Mileage, 140 miles .................................... | 7.00 |
| Stamping deeds (revenue) .............................. | 3.00 |
| Original court cost, less amount paid by Graves........... | 757.49 |

$1,395.64

"J. L. Noble, Sheriff Eastland Co., Texas.

" By H. L. Nixon, Deputy."

The grounds of the motion to retax the costs, and those of the answer thereto, are as follows: "(1) To retax the costs of the sheriff for making the sale in accordance with the law, setting up that he had charged too much commissions. (2) That the proceeds of the sale of said land belonged to McLennan County's permanent school fund, and was not subject to the payment of the costs of the said suit, or any part thereof, and that said county alone was liable for costs, and then only after a claim and demand for same had been duly presented and allowed by the Commissioners Court of said county. (3) That the defendants in said cause have incurred costs to the amount of $161.10, as shown by the costs taxed by the clerk of said court, which sums the sheriff has retained out of said money, and refused to pay it over to the county." Plaintiff prayed that said costs be retaxed, and that the said sheriff be ordered to pay all of said money over to said county. To this motion the sheriff answered by (1) a demurrer to the effect that said motion could not be heard and adjudicated on the motion to retax costs, but only by petition or other regular proceeding equivalent thereto; (2) by general denial; (3) that the moneys retained by him came into his hand while acting in his official capacity, from the aggregate sales of several tracts of land sold by him, by virtue of an execution issued by the authority of this court at the instance of the plaintiff, and that the same was only the legal and proper fees of his office for services rendered in connection therewith; (4) he denied that said moneys were a part of the permanent school fund of McLennan County, and alleged they did not become such until paid into the treasury of McLennan County; (5) he prayed "judgment in his favor for all things set up herein and for all costs hereof." The learned district judge sustained the sheriff's cost bill as taxed, but required him to pay over all the money bid for the land to McLennan County, upon the ground that it was permanent public free school fund, and that, being such, he had no right to retain any part of it, but rendered judgment against the county for the amount "to be paid by the county as the law directs."

The principal contention of appellant on this appeal is that the commissions on the sale should have been taxed under Revised Statutes, articles 2362-2364, as if the lands had been sold in bulk for $19,003, which would have amounted to $133.01½. But the sheriff taxed his commissions as if he had made six separate sales, as follows:

| | |
|---|---:|
| 65 tracts sold to McLennan County | $16,943.00 |
| 2 tracts to Bolinger | 200.00 |
| 1 tract to E. F. Blackwell | 350.00 |
| 1 tract to A. J. Blackwell | 500.00 |
| 1 tract sold to Moseley | 580.00 |
| 1 tract sold to Bourland | 430.00 |
| | $19,003.00 |

We think the court did not err in allowing commissions on six sales, as taxed by the sheriff.

Appellees file a counter proposition, insisting that the sheriff had a right to retain all the costs of the suit as well as the costs and commissions on the sales, in which it is contended: "While it is ordinarily true true that the permanent school funds of a county can not be diverted, still, the county having parted with title to the land, and seeking to enforce a lien upon it, the land sold was, in legal effect, the property of the defendants, and the lien of the county only attached to the surplus fund in the hands of the officer after the court costs due by the defendants are paid. The order of sale, which is not contested, required the officer to levy and apply proceeds first to payment of costs, etc. Since the fund in equity took the place of the land, and since the land belonged to the defendants, subject only to a lien in favor of plaintiff, the fund arising from the sale only became identified as a part of the school fund when paid to the proper officer." We think this proposition is substantially correct, and, though not stated as a cross-assignment of error, we shall treat it as such, as it calls our attention to error manifest on the face of the record, and modify the judgment of the District Court so as to allow the sheriff to retain the costs and commissions just as he had done, but denying recovery against the county therefor, and, thus modified, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The writer made a mistake in the original opinion, in quoting the articles of the statute under which relief was sought by appellant, and in failing to figure out the amount of commissions due the sheriff for the six sales we held he was entitled to charge for. Otherwise the opinion is correct as we understand the law. This mistake in the amount of the sheriff's commissions must be corrected, and will result in the granting of this motion.

The motion to retax is based upon article 2460, Revised Statutes, 1895, which allowed 4 per cent on the first $100, 3 per cent on the second $100, and 2 per cent on all the balance of the money collected, and concedes that the sheriff was entitled to charge $383.06. In their brief, however, appellant's counsel contend that the Act of June 16, 1897, should govern, which allows 4 per cent on the first $100, 3 per cent on the second $100, 2 per cent on all sums over $200, and not exceeding $1000; 1 per cent on all sums over $1000, and not exceeding $5000; and one-half of 1 per cent on all sums over $5000. 10 Gammel's Laws of Texas, p. 1453, sec. 24. See Acts 1897, p. 13, sec. 24.

This contention is correct, and must be sustained, notwithstanding the motion is based upon a different statute, for we can not sanction the collection by officers of illegal fees when called to our attention by motion, and if we correct the cost bill, it must be by the law, and not by what the parties mistake for the law. We took it for granted that the learned judge had taxed the commissions under this section 24 and allowed for

six sales, without making the calculation ourselves,—the appellant's counsel contending that the commissions should be counted as for *one* sale on $19,003—$133.01½.

Counsel for appellant have called our attention to this mistake, and show us that the commissions under section 24 for six sales amount to only $178.91½, and we find their calculation correct. This will result in the granting of this motion; and this requires us to consider appellee's motion to tax the costs for 50 pages of the transcript against appellant, because wholly unnecessary and immaterial on this appeal. These 50 pages comprise the pleadings in the main case in which the costs were incurred, and should not have been copied in the transcript, as they were wholly unnecessary. The clerk charged $60 for the entire transcript of 30,000 words. There are 85 pages in all, only 35 of which should be taxed against appellee, and the appellant must pay for the other 50, and the cost of the motion to strike them out. It is contended in a motion here that the district clerk of Eastland County was not entitled, under the Act of June 16, 1897, above cited, to charge more than 10 cents a hundred words, and we find that this contention must be sustained, as section 22 of that act governs in civil cases and applies to all district clerks. See Kabelmacher v. Kabelmacher, 21 Texas Civ. App., 317.

The motion of appellant to retax the clerk's cost for making the transcript is therefore sustained, and that item is fixed at $30. The motion of appellee to tax appellant with the costs of 50 pages of the transcript is sustained, and $17.65 of the $30 allowed here for that item must be paid by the appellant, as well as the costs of that motion.

The appellant's motion for rehearing is granted; the judgment of the District Court is reformed in accordance with the views herein indicated, and as so reformed is affirmed; the item of commissions to sheriff for collecting the money under the order of sale is reduced from $571.90 to $178.91½; and the cost of this appeal is taxed against appellee J. L. Noble, except $17.65 and the cost of appellee's motion, which must be paid by appellant as aforesaid.

*Reformed and affirmed.*

[Note.—The Supreme Court, upon writ of error granted in this case, affirmed the judgment of the Court of Civil Appeals, except as to the item of the sheriff's commissions for making sale, holding that such commission must be estimated on the basis of only one sale, and upon the aggregate amount received for the land as though all of it had been sold together to one purchaser, thus further reducing the amount to $133.01. 94 Texas, 635.]